UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International Brotherhood
of Teamsters Welfare, Pension, Annuity, Job Training
and Vacation Sick Leave Trust Funds,

                Plaintiffs,                     ORDER

              - against -                   07-CV-5063 (ENV) (SMG)

HARDIN CONTRACTING INC. d/b/a/
HARDIN CONTR INC.,

                Defendants.
------------------------------------------------------------------X

VITALIANO, D.J.

     Plaintiffs, trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (collectively, the "Funds"), filed this action, pursuant to section 502 of the Employer Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against defendant Hardin Contracting Inc. ("Hardin"), seeking to recover amounts allegedly owed by Hardin for delinquent contributions. Plaintiffs also seek a permanent injunction directing Hardin to submit required contribution reports; to pay fringe benefit contributions; and to submit to an audit in compliance with the terms of a Collective Bargaining Agreement and Restated Agreement and Declaration of Trust.

     After defendants failed to plead or otherwise defend in this action, plaintiffs moved for default judgment on January 17, 2008. The Clerk of the Court noted defendants' default, pursuant

1

to Federal Rule of Civil Procedure 55(a), that same day. On January 6, 2009, this Court granted plaintiffs' motion for default judgment. The inquest to determine appropriate relief was referred to Chief Magistrate Judge Steven M. Gold.[1]

On October 12, 2009, Judge Gold issued a Report and Recommendation ("R&R") recommending that Hardin be held liable to the Funds in the following amounts: (1) $210.68 in interest; (2) $1222.67 in liquidated damages; and (3) $3764.83 in attorneys' fees and costs. Judge Gold also recommended that plaintiffs' request for a permanent injunction be denied, given that plaintiffs had failed to establish irreparable harm and the absence of an adequate remedy at law. Proof of service of the R&R on Hardin was filed on December 18, 2009. No objections to it have been timely filed.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court finds Chief Magistrate

---

[1] On January 7, 2009, Judge Gold issued an Order setting a briefing schedule for additional submissions in support of, or opposition to, plaintiffs' request for damages. By letter dated February 25, 2009, plaintiffs notified Judge Gold that his Order had been returned to plaintiffs "unclaimed." Nevertheless, because plaintiffs properly served their summons and complaint upon Hardin, and because plaintiffs mailed the Order to the same address provided by Hardin on the New York State, Department of State, Division of Corporations website, Judge Gold found that defendant had had sufficient notice of the action. The Court agrees. See, e.g., J&J Sports Prods. v. Potions Bar & Lounge, Inc., No. 08-CV-1825, 2009 U.S. Dist. LEXIS 23600, at *1 n.1 ("Although the Supreme Court has held that due process may require 'additional reasonable steps' when initial notice is returned unclaimed, it has not departed from the long-standing rule that, once served, a party has a 'responsibility to notify the court of any change in address.'" (quoting Jones v. Flowers,

2

Judge Gold's Report and Recommendation as to the denial of injunctive relief and the appropriate amount of damages to be correct, comprehensive, well-reasoned, and free of any clear error. It is hereby adopted in its entirety as the opinion of the Court.

The Clerk is directed to enter Judgment in accordance with this opinion and to close this case.

SO ORDERED.

DATED: Brooklyn, New York
January 12, 2010

ERIC N. VITALIANO
United States District Judge

---

547 U.S. 220, 225 (2006); Pierce v. Ross, No. 94-CV-218, 1995 WL 129176, at *2 (E.D.N.Y. Mar. 17, 1995))).